

Villanova University School of Law Digital Repository

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-31-2006

# Gillespie v. Hogan

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-4212

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Gillespie v. Hogan" (2006). *2006 Decisions*. Paper 1020.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1020

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

DPS-164                                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-4212
_____

TONY GILLESPIE,
                                        Appellant

v.

MR. HOGAN; DENTIST CHRISTOPHER PALUCH,
YORK COUNTY JAIL
_____

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. Civ. No. 02-cv-01033)
District Judge: Honorable Edwin M. Kosik
_____

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B)
March 23, 2006

Before:  ROTH, FUENTES AND VANANTWERPEN, Circuit Judges.

(Filed: May 31, 2006)

_____

OPINION
_____

PER CURIAM

Tony Gillespie appeals the dismissal of his civil rights complaint by the United

States District Court for the Middle District of Pennsylvania.  We will dismiss the appeal

pursuant to 28 U.S.C. 1915(e)(2)(B).

I.

According to Gillespie's complaint, between November 2000 and November 2001 Gillespie was confined at York County Jail. During that time, the dentist at the jail, Christopher Paluch, removed one of Gillespie's teeth. He was subsequently transferred to SCI-Mahanoy, where he experienced "major" pain in his gums and mouth and sought out dental care several times. Gillespie underwent oral surgery to remove a fragment of decayed tooth and was informed by the SCI-Mahanoy dentist that, during the earlier procedure, Paluch had neglected to fully remove Gillespie's decaying tooth, part of which had remained under his gum line for over a year. Gillespie also alleges that Paluch never inquired about his pre-existing health problems, and that as a diabetic he has never fully healed from the oral surgeries.

In his initial complaint, Gillespie did not identify the jail dentist, who was merely referred to as "John Doe." The District Court partially granted the defendants' motion to dismiss, leaving only the John Doe dentist as a defendant. On February 26, 2004, Gillespie identified the dentist as Christopher Paluch, D.M.D., and the Court subsequently ordered process to issue. Paluch filed a motion to dismiss claiming, inter alia, that Gillespie's suit with regard to him was time-barred because he was not named as a defendant until nearly three years after Gillespie's March 6, 2001, tooth extraction – well beyond the two-year statute of limitations.

The Magistrate Judge agreed and Gillespie objected, claiming that the discovery

rule dictated that the limitation period began to run no sooner than April 25, 2002, the date he learned of Paluch's mistake from the SCI-Mahanoy dentist. The District Court adopted Gillespie's discovery rule analysis, but rejected his proposed date, finding that because Gillespie was experiencing pain in his gums and mouth when he arrived at SCI-Mahanoy (likely sometime in November 2001), the statute of limitations began to run well before April 25, 2002. Gillespie appealed the District Court's dismissal.

## II.

When reviewing the District Court's grant of motion to dismiss, we must accept as true all factual allegations in the complaint, and all reasonable inferences that can be drawn from them. See Ransom v. Marrazzo, 848 F.2d 398, 401 (3d Cir. 1988). With regard to the statute of limitations, only where "the facts are so clear that reasonable minds cannot differ" may "the commencement period . . . be determined as a matter of law." Debiec v. Cabot Corp., 352 F.3d 117, 129 (citation omitted).

Applying that standard, we are reluctant to conclude that Gillespie had experienced mouth pain by February 26, 2002 (two years before February 26, 2004, the date Gillespie named Paluch as a defendant adjusting for the prison mailbox rule). We need not resolve that question here, however, because Gillespie's complaint fails to state a claim upon which relief can be granted. To prevail under 42 U.S.C. § 1983, Gillespie must show that the Paluch was deliberately indifferent to a serious medical need. See Estelle v. Gamble, 429 U.S. 97 (1976). Allegations of negligent treatment are medical malpractice claims, not constitutional violation claims. Id. at 105-06.

Though Gillespie has clearly endured significant hardship, his allegations do not amount to deliberate indifference concerning his tooth extraction.  See Isenberg v. Prasse, 433 F.2d 449 (3d Cir. 1970) (rejecting claim that malpractice by dentist while extracting teeth constitutes unconstitutional cruel and unusual punishment).  The same is true with regard to Paluch's failure to ascertain Gillespie's status as a diabetic:  a physician's failure to review or take a patient's medical history may be negligence, but it is not deliberate indifference.  See Ruvalcaba v. City of Los Angeles, 167 F.3d 514, 525 (9th Cir. 1999); Steward v. Murphy, 174 F.3d 530, 534 (5th Cir. 1999); Williams v. O'Leary, 55 F.3d 320, 324 (7th Cir. 1995); Sanderfer v. Nichols, 62 F.3d 151, 155 (6th Cir. 1995).

Accordingly, we will dismiss the appeal under 28 U.S.C. § 1915(e)(2)(B).